# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| **KEVIN & SHERRIE LEGENDRE**<br>**Plaintiffs,** | )<br>)<br>) **Case No.:** |
| **v.** | )<br>) **COMPLAINT AND DEMAND FOR** |
| **GC SERVICES, LP.**<br>**Defendant.** | ) **JURY TRIAL**<br>)<br>) **(Unlawful Debt Collection Practices)**<br>)<br>) |

## COMPLAINT

KEVIN & SHERRIE LEGENDRE, ("Plaintiffs"), by their attorney, ANGELA K. TROCCOLI, ESQUIRE, allege the following against GC SERVICES, LP., ("Defendant"):

## I.   INTRODUCTION

1.   Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA").

## II.   JURISDICTION AND VENUE

2.   Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. § 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3.   Defendant conducts business within the State of New Hampshire and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to *28 U.S.C. § 1391(b)(1).*

5.      Declaratory relief is available pursuant to *28 U.S.C. §§ 2201 and 2202.*

## III.    PARTIES

6.      Plaintiffs are natural people residing in Laconia, New Hampshire 03246 at the time of the alleged harassment.

7.      Plaintiffs are "consumers" granted a cause of action under the FDCPA.  See 15 U.S.C. § 1692a(3), and Wenrich v Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec 22, 2000).

8.      Defendant is debt collection company with its corporate headquarters located at 6330 Gulfton Street, Suite 300, Houston, Texas 77081.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiffs in an attempt to collect a debt.

10.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    PRELIMINARY STATEMENT

11.      The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.*  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

2

misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.   In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.   The substantive heart of the FDCPA lies in three broad prohibitions.   First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."   15 U.S.C. § 1692d.   Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."   15 U.S.C. § 1692e.   And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."   15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.   In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."   15 U.S.C. § 1692a.   Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.   The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692e.

## V.     FACTUAL ALLEGATIONS

15.     Defendant and others it retained began in June 2010, through the present to constantly and continuously place harassing and abusive collection calls to Plaintiffs seeking and demanding payment for an alleged consumer debt.

16.     Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions, which were primarily for personal, family, or household purposes.

17.     Defendant and its employees, harassed Plaintiffs by calling them on their home phone number and cell phone in an attempt to collect an unpaid student loan for their son.

18.     Defendant and its employees identified as "Bill", "Roberta Patten", "Phil" and "D. Finney" harassed Plaintiffs by calling them repeatedly, hanging up abruptly and immediately calling back and leaving voice messages.

19.     Plaintiffs told Defendant to stop contacting them, but Defendant disregarded their instructions and continued calling Plaintiffs including but not limited to, various times throughout the month of April 2010, May 2010, June 2010 and specifically on twice (2) on June 1, 2010 and twice (2) on June 2, 2010 from the following phone numbers; (866) 507-2302 ext. 4714, (713) 300-7316 and (800) 753-8354.  The undersigned has confirmed that these numbers belong to Defendant.

4

20.     During one discussion, Defendant's employee threatened Plaintiffs' stating that they "need to make a payment or the house will be taken".

21.     Defendant, by and through its employees left a threatening and harassing message on Plaintiffs' home phone stating that "they could and would call Plaintiffs 10 times a day", and "they were going to take them to court, seize their personal property and garnish their wages".

22.     Defendant and its employees would contact Plaintiffs on average two (2) to four (4) times a day, and as much as twenty (20) times in one month.

23.     At no time did the Defendant provide Plaintiffs any notice of their rights, as required under the FDCPA §1692g.

24.     The repetitive calls to Plaintiffs were disturbing, harassing, and an invasion of privacy.

25.     Defendant has contacted Plaintiffs at times and places that were inconvenient to them and made known to Defendant as such.

26.     Defendant used unfair or unconscionable means during a telephone conversation with Plaintiffs, by Plaintiffs verbally authorizing a payment over the phone in the amount of $400.00 and Defendant withdrew $408.00, more than the agreed upon amount.

27.     Defendant used false, misleading and deceptive means during the first telephone conversation with Plaintiffs, when it led them to believe Defendant worked for a government agency by telling them they had obtained the loan information from Sallie Mae.

28.     Defendant used false, misleading and deceptive means when they failed to disclose that Defendant had obtained the loan information from NCO, they were a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

29.     Defendant failed to validate the alleged debt within 5 days after the initial telephone call by sending the Plaintiffs written notice containing the amount of debt, name of creditor, etc.

30.     Defendant used false, misleading and deceptive means when it left the Plaintiffs a voice message threatening to take legal action if they did not pay the alleged debt, they would take them to court, seize their personal property and garnish their wages.

31.     Plaintiffs never contracted with any company by the name of "GC Services, LP" or agreed to any obligation for a "GC Services, LP".

32.     Defendant reported this alleged debt to a credit bureau, not as "disputed" but as "unpaid" and it is listed as such.

33.     Plaintiffs at all times have disputed owing this debt.

## VI.     CONSTRUCTION OF APPLICABLE LAW

34.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

35.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the

Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

36.    The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

37.    In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

a.    When it communicated with the Plaintiffs at a place or time known or which should be known to be inconvenient to the consumer, in violation of 15 U.S.C. §1692c(a)(1);

b. Harassing, oppressing or abusing Plaintiffs in connection with the collection of a debt, by calling Plaintiffs repetitively, in violation of 15 U.S.C.§1692d;

c. When it caused the Plaintiffs' telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiffs, in violation of 15 U.S.C. §1692d(5);

d. When it used false, misleading and deceptive means in connection with the collection of an alleged debt, in violation of 15 U.S.C. §1692e;

e. When they falsely represented or implied that the Defendant was affiliated with a government agency, in violation of 15 U.S.C. §1692e(1);

f. When they falsely represented the character, amount or legal status of an alleged debt, in violation of 15 U.S.C. §1692e(2);

g. When they threatened to garnished the Plaintiffs' wages of which was unlawful to take such action, in violation of 15 U.S.C. §1692e(4);

h. When it threatened to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. §1692e(5);

i. When they implied that the Plaintiffs committed any crime or other conduct in order to disgrace the Plaintiffs, in violation of 15 U.S.C. §1692e(7);

j. When they reported Plaintiffs' credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed, in violation of 15 U.S.C. §1692e(8);

k.  When they used false, misleading and deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692e(10);

l.  When it used false, misleading and deceptive means during the initial oral communication when it failed to disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, in violation of 15 U.S.C. §1692e(11);

m.  Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692(f);

n.  When they added fees, charges and expenses not expressly authorized by an agreement with Plaintiffs, in violation of 15 U.S.C. §1692f(1);

o.  When it failed to validate the debt within 5 days after the initial telephone call by sending the Plaintiffs written notice containing the amount of debt, name of creditor, etc., in violation of 15 U.S.C. §1692g(a); and

p.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, KEVIN & SHERRIE LEGENDRE, by and through their attorney, respectfully pray for judgment as follows:

a.      All actual compensatory damages suffered pursuant to 15 U.S.C. §692k(a)(1);

b.      Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

9

c.      All reasonable attorneys' fees, witness fees, court costs and other litigation

costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.      Any other relief deemed appropriate by this Honorable Court.


**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs, KEVIN & SHERRIE LEGENDRE, demand a

jury trial in this case.



RESPECTFULLY SUBMITTED,


By:   _/s/ Angela K. Troccoli_____
                Attorney for Plaintiffs

Dated: May 31, 2011

Angela K. Troccoli, Esquire, Bar Id#18539
Kimmel & Silverman, P.C.
*The New England Office*
60 Hartford Pike, PO Box 325
Dayville, CT 06241
(860) 866-4380
atroccoli@lemonlaw.com